**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN GILBERT MENDOZA,<br>Plaintiff,<br>v.<br>S. DEBERRY,<br>Defendant. | No. 2:22-cv-1136-DJC-ICD-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendant's motion to dismiss. ECF No. 29. Plaintiff has filed an opposition. ECF No. 32. Defendant has filed a reply. ECF No. 33.

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to

survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. BACKGROUND

### A. Procedural History

Plaintiff brought this civil rights action pursuant to 42 U.S.C. § 1983 on June 30, 2022. ECF No. 1. Plaintiff alleged numerous constitutional violations against eleven defendants, most of which were screened out by the Court. ECF No. 9. Plaintiff amended the complaint, but only

his First Amendment and Eighth Amendment claims were found cognizable. ECF Nos. 12, 13. On November 12, 2024, Defendant DeBerry and the now-severed defendants filed a motion to sever and dismiss Plaintiff's Eighth Amendment claims from this action. ECF No. 20. The Court granted this motion in part, severing the unrelated Eighth Amendment claims to proceed in a new matter. ECF Nos. 26, 27.

On September 3, 2025, Defendant moved to dismiss the case with prejudice. See ECF No. 29. On November 3, 2025, Plaintiff responded with an opposition to the motion to dismiss. See ECF No. 32. On November 6, 2025, Defendant submitted a reply to Plaintiff's opposition. See ECF No. 33.

**B. <u>Plaintiff's Allegations</u>**

Plaintiff alleges that on April 13, 2020, Defendant arbitrarily denied Plaintiff his right to use the telephone, in violation of California Code of Regulations Title 15, § 3044(d)(2)(D) and his First Amendment rights. ECF No. 12 at 9. Plaintiff states that Defendant claimed he had sole discretion to limit phone access, even if lines were otherwise available for use. See id. Plaintiff was allegedly afraid to use his privileges because Defendant threatened disciplinary action, and Plaintiff did not want the potential disciplinary record to affect his eligibility for parole. Id. at 10.

Furthermore, Plaintiff alleges that on December 16, 2020, Defendant refused to process Plaintiff's confidential mail to California State Senator Nancy Skinner, in violation of California Code of Regulations Title 15, § 3142(d) and his First Amendment rights. <u>See</u> <u>id.</u> Plaintiff notes, however, that he was able to mail the letter "at a later date." ECF No. 1 at 7.

## II. DISCUSSION

Plaintiff alleges that his First Amendment rights were violated on two separate occasions. Defendant first agues that Plaintiff's claim related to denial of telephone access on April 13, 2020, fails to state a cognizable claim. <u>See</u> ECF No. 29 at 4-5. Second, Defendant asserts that Plaintiff's claim related to the Skinner letter also fails to state a cognizable claim. <u>See</u> <u>id.</u> at 6-7. These arguments are addressed separately and in turn

**A. <u>Telephone Access on April 13, 2020</u>**

First, Plaintiff alleges that Defendant violated his First Amendment rights when

Defendant arbitrarily prohibited Plaintiff access to the telephone on April 13, 2020. See ECF No. 12 at 9. Defendant argues that this allegation fails to state a claim upon which relief can be granted. The Court agrees.

The Ninth Circuit has held that "[p]risoners have a First Amendment right to telephone access, subject to reasonable security limitations." Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (citing Strandberg v. City of Helena, 791 F.2d 744, 747 (9th Cir. 1986)), amended by 135 F.3d 1318 (9th Cir. 1998); see also Johnson v. California, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam) (concluding there is no constitutional right to a specific phone rate). The Ninth Circuit revisited the issue of an inmate's right to telephone access in Valdez v. Rosenbaum, 302 F.3d 1039 (9th Cir. 2002), cert. denied, 538 U.S. 1047 (2003). In Valdez, the plaintiff argued that restricting his telephone access violated his rights to due process and freedom of speech. The Ninth Circuit concluded that previous judicial assertions of a free-standing First Amendment right to telephone access were dicta and had failed to identify the precise source of such a right. Id. at 1047–48.

Rather, the First Amendment right at issue regarding telephone access is more broadly defined as the "right to communicate with persons outside prison walls," and the use of a telephone is "merely one means of exercising this right." Id. at 1048. In applying the four-factor framework established in Turner v. Safley, 482 U.S. 78 (1987), the Valdez court held that a temporary or localized restriction on a plaintiff's telephone access does not violate the First Amendment so long as alternative avenues of outside communication remain open. Id. at 1048–49; see Strandberg, 791 F.2d at 747 (holding that an inmate's right to communicate is subject to rational limitations in the face of legitimate security interests). Therefore, to state a First Amendment constitutional claim based on a deprivation of phone access, a plaintiff must allege that the restriction effectively blocked his ability to communicate with the outside world entirely or interfered with another targeted constitutional right, such as the right to access the courts. See Rodriguez v. Newsom, No. 1:20-cv-01782-GSA-PC, 2022 WL 783722, at *3 (E.D. Cal. Mar. 15, 2022). "Even then, a telephone is only one means for an inmate to exercise the extremely limited First Amendment right to communicate with persons outside of the jail. The same right may be

met through other means such as mail correspondence or personal visits." Id. (holding plaintiff's allegation of entitlement to use a phone under California Code of Regulations Title 15, Section 3282(d) to talk to family did not qualify as a standalone constitutional claim).

In Plaintiff's opposition to Defendant's motion to dismiss, Plaintiff subtly attempts to recharacterize his First Amendment telephone access claim as a retaliation claim, stating, "Plaintiff asserts that total chilling is not required to state a retaliation claim, it is enough if an official's acts would chill or silence a person of ordinary firmness from future First Amendment Activities." ECF No. 32 at 2. This argument is unavailing. For a defendant's actions to have chilled a plaintiff's First Amendment exercise, the plaintiff must have alleged a valid underlying constitutional right or protected speech activity that was targeted in the first instance. As pled, Plaintiff improperly conflates a one-day restriction on the use of a telephone on April 13, 2020, with a total, unconstitutional ban on communicating with persons outside the facility.

Furthermore, as Defendant correctly argues, Plaintiff has improperly raised new allegations of retaliation in his briefing that were not contained within the four corners of his operative complaint. ECF No. 33 at 2. The First Amended Complaint explicitly states only that Defendant "arbitrarily" denied Plaintiff use of the telephone; it contains no factual matter indicating that Defendant did so to retaliate against Plaintiff for using the inmate grievance process. ECF No. 12 at 9. These are legally distinct theories of liability. It is a foundational principle of federal civil procedure that a court cannot look beyond the pleadings when evaluating a motion to dismiss under Rule 12(b)(6). See Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (concluding that new allegations raised in an opposition brief are irrelevant for Rule 12(b)(6) purposes because the "court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss").

While Plaintiff alleges Defendant denied "[P]laintiff access to the telephone per Title 15 § 3044(d)(2)(D)," the Court does not find that a claim for a First Amendment violation exists. The Ninth Circuit recognizes that the telephone is only one means of exercising the First Amendment right to communicate with persons outside the prison. Because Plaintiff does not claim other

means of communication were restricted, Plaintiff fails to state a First Amendment claim for being denied the use of a telephone alone on a single occasion. Plaintiff was provided an opportunity to amend to remedy these defects and did not do so. See ECF No. 14. Therefore, because Plaintiff does not claim other means of communication were restricted on April 13, 2020, Plaintiff continues to fail to state a claim upon which relief may be granted, and the claim should be dismissed without further leave to amend and with prejudice.

**B. The Skinner Letter**

Second, Plaintiff alleges that Defendant violated his First Amendment rights when Defendant arbitrarily refused to process Plaintiff's letter to State Senator Nancy Skinner. See ECF No. 12 at 10.

Prisoners have a First Amendment right to send and receive mail. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). Prison officials may intercept and censor outgoing mail concerning escape plans, proposed criminal activity, or encoded messages. See Procunier v. Martinez, 416 U.S. 396, 413 (1974); see also Witherow, 52 F.3d at 266. Based on security concerns, officials may also prohibit correspondence between inmates. See Turner v. Safley, 482 U.S. 78, 93 (1987). Prison officials may not, however, review outgoing legal mail for legal sufficiency before sending it to the court. See Ex parte Hull, 312 U.S. 546, 549 (1941). Incoming mail from the courts, as opposed to mail from the prisoner's attorney, for example, is not considered "legal mail." See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).

Specific restrictions on prisoner legal mail have been approved by the Supreme Court and Ninth Circuit. For example, prison officials may require that mail from attorneys be identified as such and open such mail in the presence of the prisoner for visual inspection. See Wolff v. McDonnell, 418 U.S. 539, 576–77 (1974); Sherman v. MacDougall, 656 F.2d 527, 528 (9th Cir. 1981). Whether legal mail may be opened outside the inmate's presence, however, remains an open question in the Ninth Circuit. See Sherman, 656 F.2d at 528; cf. Mann v. Adams, 846 F.2d 589, 590–91 (9th Cir. 1988) (per curiam) (concluding mail from public agencies, public officials, civil rights groups, and news media may be opened outside the prisoner's presence in light of

security concerns). At least three other circuits have concluded that legal mail may not be opened outside the inmate's presence. See id. (citing Taylor v. Sterrett, 532 F.2d 462 (5th Cir. 1976); Bach v. Illinois, 504 F.2d 1100 (7th Cir. 1974) (per curiam); Smith v. Robbins, 452 F.2d 696 (1st Cir. 1972)).

Confidential correspondence between a prisoner and his attorney is protected by the Sixth Amendment. See Nordstrom v. Ryan, 762 F.3d 903, 909 (9th Cir. 2014) ("What prison officials don't have the right to do is read a confidential letter from an inmate to his lawyer."). This protection, however, does not extend to correspondence with government agencies. O'Keefe v. Van Boening, 82 F.3d 322, 326 (9th Cir. 1996) (upholding prison policy including reviewing inmate correspondence with government officials, stating "Regulating correspondence between prisoners and government agencies can serve to prevent criminal activity and maintain prison security"); Hamilton v. Dep't of Corrections, 43 F. App'x 107, 111 (9th Cir. 2002) ("Although Hamilton may have a right to correspond confidentially with an FBI agent under California Law, see Cal. Code Regs. Tit. 15, § 3141(a) & (c)(2) ... no such federal constitutional right exists"); Grigsby v. Horel, No. C 07-5505 CRB (PR), 2008 WL 11422633, at *2 (N.D. Cal. Apr. 28, 2008), aff'd, 341 F. App'x 314 (9th Cir. 2009) ("The cited incoming mail from the Commission on Judicial Performance, Del Norte County Superior Court and the State Bar of California is not material because it was not 'legal mail.'"); Williams v. Simon, No. 2:16-cv-01447-BR, 2018 WL 1585785, at *4 (D. Or. Mar. 30, 2018) ("A prison need not treat all mail sent to government officials as legal mail.").

Here, Plaintiff alleges that Defendant refused to process mail addressed to Senator Nancy Skinner as confidential mail as required by Title 15 of the California Code of Regulations. See ECF No. 12 at 10. Plaintiff alleges that under state regulations, the outgoing mail to Senator Skinner should have been treated as confidential mail, impacting Plaintiff's ability to correspond about recent legislation. See id. Plaintiff conceded in his original complaint that the letter was sent at a later date. See ECF No. 1 at 7.

The mail Plaintiff references in the complaint does not qualify as "legal mail" entitled to federal constitutional protections because Plaintiff's correspondence was to a legislator, not

Plaintiff's legal counsel. See Kakowski v. County of Sacramento, No. 2:16-cv-2549-JAM-AC-P, 2019 WL 3253919, at *3 (E.D. Cal. July 19, 2019) ("Under federal law, 'legal mail' entitled to First Amendment protection is narrowly defined as confidential correspondence between a prisoner and his attorney"). Moreover, the conduct Plaintiff complains of does not include the reading of Plaintiff's mail by prison officials, but rather the failure of Defendant DeBerry to adhere to the specific requirements set forth in California Code of Regulations Title 15, Section 3141(c)(1). "The violation of state prison regulations does not itself establish a federal constitutional violation." Hammler v. Haas, No. 2:15-cv-2266-JAM-AC-P, 2019 WL 2285071, at *2 (E.D. Cal. May 29, 2019). For these reasons, the Court finds no merit to Plaintiff's First Amendment legal mail allegation, which should be dismissed without further leave to amend and with prejudice.

## III. CONCLUSION

Based on the foregoing, the undersigned recommends that the Defendant's motion to dismiss, ECF No. 29, be GRANTED and that this action be dismissed without further leave to amend and with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 29, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE